## MINNEAPOLIS THRESHING MACH. CO. v. EVANS.

(Circuit Court, D. South Dakota. July 8, 1905.)

SALE—CONTRACT—ACCEPTANCE OF PROPOSAL AFTER NOTICE OF REVOCATION.

A written proposal by defendant to purchase certain machinery from complainant company was required by its terms to be submitted to complainant at its place of business and accepted before becoming a contract. A formal acceptance was mailed to defendant by the complainant, but after it had received notice from him of a revocation of the order. An officer of complainant, having authority to do so, had previously verbally accepted the order, but he also had been notified by defendant of its revocation. *Held*, that neither acceptance was operative to create a contract binding on defendant.

[Ed. Note.—For cases in point, see vol. 43, Cent. Dig. Sales, § 45.]

In Equity.

Joseph Kirby and Samuel H. Wright, for complainant.
Abner E. Hitchcock, for defendant.

CARLAND, District Judge. The instrument sued on in this case was a proposal made by defendant to plaintiff on the 26th day of June, 1903, to purchase certain machinery. According to its terms, it had no force as a contract between the parties until it was submitted to and accepted by the plaintiff at West Minneapolis, Hopkins Post Office, Minn. On June 27, 1903, the defendant mailed by registered letter at the post office in Parkston, S. D., a revocation of said proposal to the plaintiff at Minneapolis, Minn. The plaintiff received this revocation at West Minneapolis, Hopkins Post Office, Minn., prior to the attempt of the plaintiff to communicate its acceptance of said proposal to the defendant, unless the facts hereinafter stated change the relations of the parties. On June 29th, at Sioux Falls, S. D., an officer of the plaintiff (N. A. Wiff), who had authority to accept the proposal of defendant, saw the proposal in the hands of one of the agents of the plaintiff, and Wiff testifies that he accepted said proposal then and there. The undisputed evidence shows, however, that the proposal was accepted by the company either by a letter dated July 3, 1903, at West Minneapolis, Minn., Hopkins Post Office, and signed, "The Minneapolis Threshing Machine Company, By N. A. Wiff, Superintendent of Agencies," or by said N. A. Wiff at the farm of the defendant, in South Dakota, on the morning of June 30, 1903. If the proposal could not be accepted at any other place than at West Minneapolis, Minn., then the revocation mailed by the defendant was received by the company before any attempt was made to communicate an acceptance by the company of the proposal to the defendant, and the proposal was thereby revoked, and no recovery can be had in this action. If the proposal could be accepted at any place by the proper officer of the plaintiff (and in this case it appears that N. A. Wiff was such officer), then it becomes necessary to inquire whether any revocation of the proposal was communicated to and received by him prior to the time that he told the defendant at his farm, near Parkston, S. D., on the morning of July 30, 1903, that the company would

ship the machinery, and hold the defendant liable. The evidence as to the acceptance of the proposal by Wiff at Sioux Falls amounts to nothing as an acceptance, for the reason that nothing whatever was done on that day towards communicating said acceptance to the defendant. It is true that Wiff testifies, and it is undisputed, that on the 29th day of June, 1903, he took the train and went to Scotland, and subsequently, either that day or the next morning, to Parkston; but it cannot be claimed, nor is it claimed, that the trip of Wiff from Sioux Falls to Parkston, and from thence out to the farm of defendant, was for the purpose of simply notifying defendant that the company accepted his proposal of June 26th. It would be idle to make such a claim in face of the fact that a simple telegram or letter written at Sioux Falls, or any other place, and deposited in the post office, would have been a complete acceptance of the proposal.

Again, Wiff is asked on cross-examination, when he was testifying as a witness in this case:

"Q. What caused you to go out to see Mr. Evans on his farm on June 30th? A. On our arrival at Parkston, S. D., our dealers there, Lobe & Leichsner, informed us that Thomas Evans was trying to countermand his order."

It thus appears that the officer of the company who had power to accept the proposal learned from the agents of the company that the defendant was trying to countermand his order or proposal. There had been no acceptance on the part of the company, as yet, of said proposal. On learning this, Wiff goes to the farm of defendant; and, as to what was said at the farm, Wiff testifies as follows: After testifying that he arrived at Scotland, S. D., in the evening of June 29th, he was asked the question:

"Did you subsequently see the defendant, and, if so, when and where? A. I saw him at his farm on the morning of the 30th of June, 1903. Q. State whether or not you had any conversation with the defendant on that occasion, and, if so, state the same in full? A. I asked him why he tried to countermand his order for the threshing outfit, and he told me that the reason of his trying to countermand the order was that our traveler, E. A. Borneman, was trying to get more money out of him for an outfit than for one he had sold to a neighbor."

The witness then being interrogated was asked:

"Q. Was that all? Go on and state fully. A. I tried to reason with him, and told him the difference in the price in the blower as ordered by him, and the swinging stacker ordered by his neighbor, and also the fact that we were getting a horse power in trade from his neighbor, while his was a straight sale, and no trade. He further stated that he did not want the machine, and I stated to him that we would make shipment of the outfit according to order, and would expect him to settle for it on its arrival at Parkston, S. D."

The letter written by Wiff, as an officer of the company, at West Minneapolis, on July 3, 1903, and mailed July 4th of the same year, was an acceptance of the proposal, and the statement made by Wiff to the defendant on his farm, June 30, 1903, that the machinery would be shipped, was an acceptance; but both of these acceptances were subsequent to the receipt by the company of notice on the part of Evans that he revoked his proposal. This being the case, it necessarily results that there can be no recovery in this action, and it is so ordered.